# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE VALENTIN MORA,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents.*

2:10-cv-01165-KJD-RJJ

ORDER

This habeas action comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, following upon payment of the filing fee (#3).

Under Local Rule LSR 3-1, petitioner must file the petition on the Court's required Section 2254 petition form. In the present case, petitioner used the petition form simply as a cover document for an otherwise handwritten petition. For each ground, petitioner stated: "See memorandum in support of petition for writ of habeas corpus." He referred to an attached unsworn supporting memorandum. Petitioner may not incorporate other documents, such as a supporting memorandum, in the federal petition. He must state his claims in the federal petition itself which is signed pursuant to a declaration under penalty of perjury. He further must allege factual specifics rather than legal argument.

The instructions on the Court's petition form additionally require that petitioner attach copies of all state court decisions regarding the conviction and sentence. Petitioner attached the decisions on his state post-conviction petition, but he did not attach the order of

affirmance on direct appeal. The Court further will direct petitioner to attach additional state court materials relevant to initial review in this case.

The Court additionally notes the following.

In Ground 1, petitioner must allege the actual factual specifics upon which he relies to establish that he had a conflict with his counsel that gave him a viable basis upon which to withdraw his plea.

In Ground 2, petitioner similarly must allege the actual factual specifics supporting the claim that he maintains should have been raised on direct appeal.

In Ground 3, petitioner needs to clarify at what point in the proceedings he is alleging that an evidentiary hearing should have been held. The Court has jurisdiction under 28 U.S.C. § 2254 to consider a collateral challenge to a state court judgment of conviction, not other state court judgments. Accordingly, alleged errors in state post-conviction proceedings are not cognizable on federal habeas review. *See,e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). Petitioner further must allege the factual specifics supporting his claim that he had a conflict with his counsel that gave him a basis upon which to withdraw his plea.

In this regard, petitioner is informed of the following. Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). Even under a more liberal notice pleading standard, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. ___ U.S. at ___, 129 S.Ct. at 1950. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655, 125 S.Ct. at 2570. A habeas petition instead must "state facts that point to a real possibility of constitutional error." *Id.*

Petitioner therefore must state – in the petition form itself – the actual factual specifics supporting his claims. He may incorporate factual allegations from an earlier ground *within the petition* in later grounds if the same facts are being used to support multiple grounds. But petitioner must state all factual specifics supporting his claims in the petition itself. If he fails to state sufficiently specific claims, the petition will be dismissed.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition but no response from respondents is required at this time.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall file an amended petition on the Court's required Section 2254 petition form correcting the deficiencies identified herein.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:10-cv-01165-KJD-RJJ,** above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

IT FURTHER IS ORDERED that petitioner shall attach with the amended petition copies of the following: (a) the fast track statements and/or briefs filed by his counsel on direct appeal and any other papers *accepted for filing* by the Supreme Court of Nevada presenting his claims on direct appeal; (b) the order of affirmance on his direct appeal; (c) his state court post-conviction petition and any other papers filed in the state district court presenting his claims on state post-conviction review; and (d) any papers accepted for filing by the Supreme Court of Nevada presenting his claims in that court on post-conviction review.

The Clerk of Court shall send petitioner two copies of a noncapital Section 2254 petition form with one copy of the instructions for same along with a copy of the original petition and memorandum that he submitted.

1  This action will be dismissed without further advance notice if petitioner fails to both
2  fully and timely comply with this order.
3  DATED: April 25, 2011

_____
KENT J. DAWSON
United States District Judge