1
2
3
4
5
6                **UNITED STATES DISTRICT COURT**
7                      **DISTRICT OF NEVADA**
8
9    JOSE VALENTIN MORA,
10          *Petitioner*,                          2:10-cv-01165-KJD-RJJ
11   vs.                                           ORDER
12   BRIAN E. WILLIAMS, *et al.,*
13          *Respondents.*
14
15          This habeas action comes before the Court for initial review of the amended petition
16   (#6) under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").
17                              ***Background***
18          According to the pleadings and attachments, petitioner Jose Mora seeks to set aside
19   his 2007 Nevada state conviction, pursuant to a guilty plea, of level-three trafficking in a
20   controlled substance.
21          In the prior screening order (#4) in this federal habeas matter, the Court informed
22   petitioner, *inter alia,* of the pleading requirements of Habeas Rule 2 and that the claims in the
23   original petition lacked the specificity required under Rule 2.  The Court gave petitioner an
24   opportunity to file an amended petition correcting, if possible, the deficiencies in the original
25   petition.
26                             ***Governing Law***
27          Habeas pleading is not notice pleading, and a habeas petitioner must state the specific
28   facts that allegedly entitle him to habeas relief.  *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125

S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005).   Even under a more liberal notice pleading standard, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009).   Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. ___ U.S. at ___, 129 S.Ct. at 1950.  The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655, 125 S.Ct. at 2570.  A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

## Discussion

### Ground 1

In Ground 1, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment, although the amended petition also refers to the state trial judge abusing his discretion in denying petitioner's verbal motion to withdraw plea.  Petitioner alleges in principal part that "I should have been allowed to withdraw my plea because it was very clear that the attorney/client relation had deteriorated fully."  He alleges ineffective assistance of his trial counsel due to counsel failing to move to withdraw his plea before sentencing; and, as noted, he alleges that the trial court abused its discretion in not granting his verbal motion to withdraw the plea.  Petitioner additionally alleges that "it is a fact" that he was not caught with any drugs in his possession, that he was not photographed selling the drugs, and that his brother was living at the apartment in question rather than him.

The prior screening order informed petitioner that he "must allege the actual factual specifics upon which he relies to establish that he had a conflict with his counsel that gave him a viable basis upon which to withdraw his plea."  Petitioner failed to do so.  Bare formulaic allegations merely that a defendant allegedly had a "conflict" with his counsel and had lost confidence in his counsel do not provide a basis for a criminal defendant to withdraw a guilty plea.  Moreover, allegations that the defendant did not have the drugs in question in his direct

1   physical possession at arrest, that he was not photographed selling the drugs, and that

2   someone else lived at an involved apartment do not necessarily lead to a conclusion that the

3   defendant was not guilty of a drug trafficking offense, particularly following the entry of a guilty

4   plea.   Petitioner's suggestion, *e.g.,* that he had to be photographed selling the drugs in

5   question in order to be found guilty simply is naive.   Under the applicable pleading standards,

6   petitioner must allege specific facts that point to more than the mere possibility that a

7   constitutional violation has occurred.[1]   He has failed to do so in Ground 1.

8          Ground 1 accordingly fails to state a claim upon which relief may be granted.

9   ***Ground 2***

10          In Ground 2, petitioner alleges that he was denied effective assistance of counsel in

11   violation of the Sixth Amendment when counsel: (a) failed to "investigate the fact that I did not

12   possess or sell any drugs;" (b) failed to "advise me of the sentencing consequences of my

13   plea;" (c) "did not get the name/identity of the informant used by the State to lie for his or her

14   own benefit;" and (d) failed to "motion to withdraw my guilty plea."   Petitioner alleges that the

15   fact that defense counsel was not trying to help him "is evident by his own admission that the

16   contact with me had deteriorated."   Petitioner alleges that he was denied effective assistance

17   of appellate counsel when counsel failed to raise the foregoing issues on appeal.   He asserts

18   that the outcome of the appeal would have been different if counsel had raised an issue on

19   appeal – following a guilty plea – maintaining that the informant received "some benefits for

20   testimony against me and his/her motives for giving such testimony."

21

22          [1] *See also Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977):

23                 . . . . [T]he representations of the defendant, his lawyer, and the
                prosecutor at . . . a [plea] hearing, as well as any findings made by the judge
24                accepting the plea, constitute a formidable barrier in any subsequent
                collateral proceedings.   Solemn declarations in open court carry a strong
25                presumption of verity.   The subsequent presentation of conclusory
                allegations unsupported by specifics is subject to summary dismissal, as are
26                contentions that in the face of the record are wholly incredible.

27   431 U.S. at 73-74, 97 S.Ct. at 1629.   Under *Blackledge*, a collateral attack that directly contradicts the
     responses at the plea proceedings "will entitle a petitioner to an evidentiary hearing only in the most
28   extraordinary circumstances."   *Id.*

1    Petitioner, again, must allege specific facts supporting his claims and must present

2    facts that point to more than the mere possibility that a constitutional violation has occurred.

3    Conclusory assertions, following a guilty plea, that counsel failed to investigate the "fact" that

4    the petitioner did not commit the offense,[2] failed to advise the petitioner of unspecified

5    "sentencing consequences," failed to pursue a claim that an unidentified informant received

6    "some benefits" and had "motives" to testify against petitioner, and failed to move to withdraw

7    the plea because the relationship between petitioner and counsel had "deteriorated",[3] fails to

8    state a viable claim of ineffective assistance of counsel.

9    Ground 2 accordingly fails to state a claim upon which relief may be granted.

10   ***Ground 3***

11   In Ground 3, petitioner alleges that he was denied effective assistance of counsel in

12   violation of the Sixth Amendment, although the claim also appears to challenge the state trial

13   court's failure to hold an evidentiary hearing before the plea colloquy and sentencing

14   regarding the alleged conflict between petitioner and his counsel.  Petitioner alleges that "I

15   tried in every way to make the judge aware of the conflict with counsel and my desire to

16   withdraw my plea."  He alleges that in such a hearing, "the court would have been able to give

17   a full and fair hearing of my claims under the 6th Amendment," but he presents no

18   nonconclusory allegations specifying what such a hearing would have shown.  Petitioner

19   again refers to, *e.g.,* the absence of any photographs or audiotapes proving that he trafficked

20   in drugs, and he maintains that counsel did not investigate the fact that he worked each day.

21   Consistent with the discussion in Ground 1, bare allegations that a petitioner had a

22   "conflict" with his defense counsel, that he desired to withdraw his plea, that he was not

23   caught on audio or video tape trafficking drugs, and/or that he had a job do not point to more

24   than the mere possibility of constitutional error, particularly following a guilty plea.

25   Ground 3 accordingly fails to state a claim upon which relief may be granted.

26   _____

27   [2]See also related discussion as to Ground 1.

28   [3]See also related discussion as to Ground 1.

1  The petition, as amended, therefore will be dismissed without prejudice for failure to
2  state a claim upon which relief may be granted.

3  IT THEREFORE IS ORDERED that the petition, as amended, shall be DISMISSED
4  without prejudice for failure to state a claim upon which relief may be granted, following upon
5  petitioner previously having been given an opportunity to amend to state a claim.

6  IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
7  reason would not find the dismissal of the petition for failure to state a claim, after the
8  previously provided opportunity for amendment, to be debatable or wrong.

9  The Clerk of Court shall provide petitioner a copy of #6 with this order, and the Clerk
10  shall enter final judgment accordingly, in favor of respondents and against petitioner,
11  dismissing this action without prejudice.

12  DATED: February 3, 2012

_____
KENT J. DAWSON
United States District Judge

-5-